CHATTANOOGA, ROME & COLUMBUS R. R. CO. *v.* CLOWDIS.

The declaration set forth a cause of action. The evidence supported it. There was no error in the charge of the court which misled the jury or resulted in injury to the defendant, nor in admitting or excluding evidence; nor was the verdict excessive. The court did not err in denying a new trial. *Judgment affirmed.*
August 1, 1892.

Railroads. Damages. Negligence. Evidence. Charge. Before Judge MADDOX. Chattooga superior court. September term, 1891.

Mrs. Clowdis sued the railroad company for the homicide of her husband. Defendant demurred to the declaration, on the ground that it set forth no sufficient cause of action. The demurrer was overruled, and defendant excepted. The declaration alleged that on November 5, 1890, A. F. Clowdis, petitioner's husband, in

company with two sons and some neighbors, stopped in Summerville to transact some business; that he remained there until late in the afternoon, until he was informed and believed that the regular northbound mail train on the railroad had come and gone, when, having finished his business, he with his companions started in their wagons to their homes several miles south of Summerville; that about a half mile south of Summerville the public road, along which they were to travel in going home, crossed diagonally the track of defendant; that the track approached this crossing from the south through a ravine around a sharp curve, where the roadbed is cut out of and through the base of a hill, so that from an approaching engine the crossing can be seen only about one hundred and twenty yards; that for four or five hundred yards north of the crossing the public road is closely parallel with the railroad track; that the public road is and was a very much traveled road; that at the time above indicated the train had not reached and passed Summerville, but was behind its regular time, and as Clowdis and his companions were approaching the crossing from the north the train was approaching it from the south; that the agents of defendant in approaching the crossing utterly failed and neglected to blow the engine whistle or to check the speed of the train, as they are required by law to do, but on the contrary the train came through the ravine and around the curve at a great and criminally reckless speed of thirty or forty miles an hour, and but for the fearful tragedy on the crossing would have passed that point at that rate; that Clowdis and his companions, by reason of the noise necessarily made by their empty wagons on the highway, did not and could not hear the noise made by the approaching train, and were not aware of its proximity, until just as they were at the crossing they saw the engine come around the curve at said fearful speed,

just as Clowdis and one VanPelt, who was with him in the wagon, were in the act of crossing the track; that even then they tried to escape, but being appalled by their frightful peril and their team being frightened beyond control by the sudden appearance, rapid approach and now incessant whistle of the engine, they were unable to do so, and were in a moment run down and struck by the engine, the wagon torn to pieces and Clowdis and VanPelt instantly killed; that the death of petitioner's husband was caused by the said acts and failures to act on the part of defendant, its agents and employees, which were grossly and criminally negligent. The declaration set forth the age of Clowdis, his expectancy of life, earnings, etc.

There was a verdict in favor of the plaintiff for $4,000. Defendant's motion for a new trial was overruled, to which also it excepted. In addition to the grounds that the verdict was contrary to law, evidence, etc., the motion alleged that the verdict was excessive, and that the court erred in the following charges:

"I shall talk to you in this case about negligence, and I now tell you that that is a question for you to determine from the facts in this case as to what negligence is, for it is peculiarly your province, except in an instance where the law has been plainly violated—some statute,—the court may tell you that that is negligence; but it is your province outside of that to say what is negligence and what is not." This was alleged to be an expression of opinion, and, taken in connection with other parts of the charge about the statutory requirement of checking at crossings, a virtual statement to the jury that certain facts were established and constituted negligence.

"If they fail to show you, that the death of Clowdis was brought about solely by his own negligence, they may go further and show you this, if they can: that the

deceased.could have avoided the injury by the exercise of ordinary care. If they show you that Mr. Clowdis, the husband of the plaintiff in the case, could have avoided this injury, that is his own death, by the exercise of ordinary care, then the plaintiff in this case would not have the right to recover." Error, because defendant was entitled to have a charge upon the subject of ordinary care unmixed with any other principle.

"If you should find that his death was the result of his own drinking or being drunk as the cause, if the evidence shows that fact and that was the sole cause of his being killed at that time, or any other fact which goes to show that, or any other fact independent of that, that shows that it was his own negligence that brought about this result, you may take that in connection with all the other evidence that is connected with this transaction, and if you find that it was caused solely by his own negligence, or that it was solely his own negligence that brought about his death, you need not go further with the investigation of this case, but find for the defendant." Error, because it limited the responsibility of Clowdis to his own drinking, without regard to his being voluntarily in the wagon with another whose faculties were benumbed with drink. Also, because the drinking and its consequences were limited to the case where it was the sole cause of the injury. If the court undertook to allude to any of the facts, it was due to defendant to enter fully into all the bearing they had on the case; for instance, upon the question of drinking, to tell the jury that if Clowdis had drunk sufficiently to affect his faculties and his ability to avoid consequences by the exercise of the prudence of an ordinary man, and that if the injury resulted from a failure to so exercise this ordinary care, then plaintiff could not recover.

"Now take into consideration all the surrounding circumstances at the time. You may consider the evi-

dence upon this question of a sharp curve at that place, whatever the evidence shows in relation to that, whether he could have heard it, whether he was warned not to go on there, whether he got any such warning, whether he knew or was laboring under the impression that the train had passed.    All those things you may take into consideration either for or against." Error, because it was an expression of opinion upon the facts.

"But if you find that not to be true, you may look to the evidence to see then the next issue : whether the railroad company has shown you by the burden of the proof that they have exercised all ordinary and reasonable care to avoid this injury. If they have shown you that they have exercised all ordinary and reasonable care to avoid that injury, and it was the result of an accident which they could not prevent themselves, they still would be entitled to a verdict. You would still find for the defendant." Error, because if the injury was the result of an accident plaintiff could not recover, even though defendant had failed to exercise all ordinary and reasonable care ; and because defendant could successfully defend by showing either ordinary care or unavoidable accident, and is not required by law to show both.

Immediately following the language complained of above, the court charged:  "But upon that point I call your attention to. a section of our code, section 708," which the court then read in full. Error, because equivalent to an expression of opinion that defendant had failed to comply with this section.

"If you find that the company have not exercised all ordinary and reasonable care, and you find that they were negligent in failing to blow and check their speed as required by the statute as I have just read you, and you find further that it was not brought about solely by defendant's own negligence, or that he could not have

avoided the injury by the exercise of ordinary care, and you find that this injury was the result of defendant's negligence in failing to check their speed or otherwise, as the evidence may show, then the plaintiff would be entitled to recover." Error, because this was an expression of opinion that defendant had failed to blow and check the speed of its train as required by statute; and because before plaintiff could recover it must be true, both that it did not result solely from his negligence, and that he could not have avoided it by the exercise of ordinary care.

" If you find that the plaintiff is entitled to recover, the next question is, what amount is the plaintiff in this case entitled to recover? I charge you that she is entitled to recover the financial value of the life of the husband; that is all. Now, you have got to look to the evidence to see what the value of that life was. In estimating the value of the life you are to consider the age, habits of life, expectation of life, ability to labor, to furnish care and attention to the family, the probable diminution of that ability to labor with the lapse of time." Error, because the ability to furnish care and attention to the family does not enter as a factor into the right or amount the widow may recover. She may only recover at most the entire financial value of her husband's life, which is determined solely by his ability to earn money; and that only where the evidence shows that he was guiltless of any contributory negligence which would diminish the amount of the verdict *pro tanto*.

"Another table has been offered in evidence, to reduce the value to the present worth. You find the age of the party and then opposite that the figures 9.32. You would multiply the amount by the expectancy, which would give you the cash value, that is, multiplying that by 9.32 would give you the value." (The court had

previously in the charge, and correctly, told the jury that the expectancy was the probable number of years the deceased would live.)

"And whenever you find the gross sum you may apply any other rule you see proper which would reduce it to a cash basis; that is, in other words, you would find a verdict—just say $10,000 ; you would want to reduce that to a cash basis, what would it be worth now in cash ; and whatever you would find that to be, would be your verdict, or any other sum you may find." Error, because it misled the jury and tended to exaggerate the amount of the verdict to use the extreme amount declared for in plaintiff's declaration as the "illustration amount"; also, because it instructed the jury to find any amount for the plaintiff, regardless of the doctrine of contributory negligence, and not only deprived defendant of the benefits of contributory negligence, but also, together with other portions of the charge, did not fairly and fully submit to the jury the doctrine of contributory negligence.   Defendant insists that the evidence showed that deceased contributed more by his own negligence to the injury than the defendant contributed, if it was guilty of negligence at all.

Assignments of error on admission of testimony were:  In allowing J. S. Clowdis, a witness for plaintiff, to testify, over objection that such testimony was illegal, irrelevant, and not a part of the *res gestæ*, as follows :  "As to my father knowing whether that train had passed Summerville before we started, or what impression we were under in that regard, he just says, 'I guess it is passed train time; let's go, boys'; that was when we left town.   My wagon was unhitched, and he says, ' Hitch your traces ; I guess the train has passed ; let's go'."   And in allowing O'Dell, witness for plaintiff, to testify, over objection that the evidence was irrelevant and illegal and tended improperly to influence

the jury, as follows : "I don't know what age his (deceased's) father lived, but he was a very old man, up in 80 years. Mr. Aquilla F. Clowdis's mother is still living. I don't know her age, but she is very old, near 80 years old." There were grounds alleging error in the refusal of a nonsuit, and in ruling out the testimony of J. M. Bellah, a witness for defendant, "that immediately after the accident the little children of Mr. Mayers, the same who testified in the case, came running down the road and told him what had happened down there."

J. BRANHAM, W. W. BROOKES and W. T. TURNBULL, for plaintiff in error.

W. M. HENRY and ALEXANDER & WRIGHT, contra.